IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCE WOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 11-1115-GMS |
| ) | |
| DAVID PIERCE, Warden, et. al., ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM**

### I. INTRODUCTION

In January 2015, the court denied petitioner Bruce Wood's habeas petition as time-barred and, alternatively, denied the claims contained therein as procedurally barred and/or for failing to satisfy § 2254(d). Presently pending before the court is Wood's motion for reargument. (D.I. 62)

### II. STANDARD OF REVIEW

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/ reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d

Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device [] used to allege legal error," *Fiorelli*, 337 F.3d at 288, and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument/reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

### III. DISCUSSION

Wood has not identified the authority by which he is seeking reargument. However, because he filed the instant motion within twenty-eight days after the entry of the court's judgment,[1] the court will treat the motion as filed pursuant to Rule 59(e). *See, e.g., Holsworth v.*

---

[1] Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Wood's petition on January 22, 2015. (D.I 59; D.I. 60) Wood filed a "notice of motion for reargument" on January 29, 2015, indicating his intent to file a motion for reargument. (D.I. 61) This notice was erroneously docketed as the actual motion for reargument. Wood's actual motion for reargument was docketed on February 9, 2015, but the certificate of service is dated January 31, 2015. (D.I. 62) All of these dates fall well within the twenty-eight day period provided for in Rule 59(e). Nevertheless, pursuant to the prisoner mailbox rule, the court will adopt the date on the certificate of service, January 31, 2015, as the date of filing. The court also notes that it will direct the clerk of the court to correct the docket sheet to reflect that the actual motion for reargument is Docket Item Number 62, and not Docket Item Number 61.

2

*Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

Nevertheless, Wood's motion fails to warrant relief. Wood contends that the court erroneously denied his petition as time-barred for three reasons: (1) the court should have equitably tolled the limitations period on the basis that he was misled into believing that the limitations period was tolled when Judge Schiller dismissed his first habeas petition without prejudice for failing to exhaust state remedies; (2) the court should have acknowledged that his second Rule 61 motion somehow tolled the limitations period pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012); and (3) the court should have equitably tolled the limitations period because of Wood's limited education, mental illness, and incompetence. These arguments, however, do not warrant reconsideration of the court's decision, because they merely assert his disagreement with the court's prior conclusion and reassert arguments already considered and rejected by the court. Notably, none of these arguments assert an intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reargument.

To the extent Wood challenges the court's alternative dismissal of the claims as procedurally barred and/or for failing to satisfy § 2254(d), the court concludes that reargument is not warranted. Once again, Wood essentially reasserts arguments already considered and rejected, and these arguments fail to show that reargument is necessary in order to correct a clear

error of law or fact, or to prevent a manifest injustice.[2] Thus, the court will not reconsider its prior denial of the claims as procedurally barred and/or for failing to satisfy § 2254(d).

## IV. CONCLUSION

For the foregoing reasons, the court will deny Wood's Rule 59(e) motion for reargument. In addition, the court will not issue a certificate of appealability, because Wood has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

March 4, 2015
DATE

UNITED STATES DISTRICT JUDGE

---

[2]For instance, Wood asserts that the court was permitted to review the procedurally barred claims pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (D.I. 62 at 8) The court considered and rejected this argument in its Memorandum Opinion denying Wood's § 2254 petition, and the *Martinez* argument in Wood's instant Rule 59(e) motion adds nothing new. (D.I. 59 at 17-18)

4