IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCE WOOD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 11-1115-GMS |
| | ) |
| DAVID PIERCE, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

## I.   INTRODUCTION

In 2015, the court denied as time-barred petitioner Bruce Wood's petition for writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 59; D.I. 60)  The court alternatively

denied some of the claims as procedurally barred and some of the claims as failing to satisfy the

standard  § 2254(d)(1). (D.I. 59)  Wood filed a motion for reargument, which the court denied.

(D.I. 62; D.I. 71; D.I. 72)  Wood appealed, and the Third Circuit denied his certificate of

appealability.  (D.I. 66; D.I. 77)  Wood then filed the pending Rule 60(b)(6) motion for

reconsideration (D.I. 81), an amendment to the Rule 60(b)(6) motion (D.I. 85), a motion to

withdraw the amendment (D.I. 87), and a motion for an evidentiary hearing (D.I. 80).

## II.   STANDARD OF REVIEW

A motion for reconsideration should be granted to correct manifest errors of law or fact or

to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985).  Accordingly, a court may grant a motion for reconsideration if the moving party shows

one of the following: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a clear

error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the

court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239,

1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it

has denied the petitioner's federal habeas application, the court must first determine if the Rule

60(b) motion constitutes a second or successive application under the Antiterrorism and Effective

Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion
> attacks the manner in which the earlier habeas judgment was procured and not the
> underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.
> However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's
> underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a

second or successive habeas application without first obtaining approval from the Court of

Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent

application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir.

2002).

## III.   DISCUSSION

Wood contends that the court erroneously denied his petition as time-barred because it

should have acknowledged that his second Rule 61 motion statutorily tolled the limitations

period pursuant to *Artuz v. Bennett*, 531 U.S. 4 (2000).

To begin, the court will grant Wood's motion to withdraw the amendment to his Rule

2

60(b)(6) motion (D.I. 87). In turn, since Wood's Rule 60(b)(6) motion challenges the court's timeliness ruling, the court will consider the motion to be a true Rule 60(b) motion and not a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). Nevertheless, Wood's motion fails to warrant relief. Wood contends that the court erroneously denied his petition as time-barred because it should have acknowledged that his second Rule 61 motion statutorily tolled the limitations period pursuant to *Artuz v. Bennett*, 531 U.S. 4 (2000). This argument, however, merely asserts his disagreement with the court's decision to deny his petition, and expands upon an argument the court already considered and rejected when it denied Wood's motion for reargument. (D.I. 71; D.I. 72) Notably, Wood's instant *Artuz* argument does not assert an intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration.

To the extent Wood challenges the court's alternative dismissal of the claims as procedurally barred and/or for failing to satisfy § 2254(d), the court concludes that reargument is not warranted. Once again, Wood essentially reasserts arguments already considered and rejected, and these arguments fail to show that reargument is necessary in order to correct a clear error of law or fact, or to prevent a manifest injustice.[1] Thus, the court will not reconsider its prior denial of the claims as procedurally barred and/or for failing to satisfy § 2254(d).

Finally, given the court's decision to deny the instant Rule 60(b)(6) motion, the court will deny as moot Wood's motion for an evidentiary hearing. (D.I .80)

---

[1]For instance, Wood asserts that the court should have excused his procedural default in order to prevent a miscarriage of justice. The court considered and rejected this argument in its Memorandum Opinion denying Wood's § 2254 petition. (D.I. 59 at 17-18)

3

## IV. CONCLUSION

For the aforementioned reasons, the court will deny the instant Rule 60(b) motion and the motion for an evidentiary hearing. In addition, the court will not issue a certificate of appealability, because Lopez has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Feb 24, 2017
_____
DATE

_____
UNITED STATES DISTRICT JUDGE