IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BRUCE WOOD, )
 )
       Petitioner, )
 )
v. ) Civil Action No. 11-1115-CFC
 )
ROBERT MAY, Warden )
and ATTORNEY GENERAL OF )
THE STATE OF DELAWARE, )
 )
       Respondents.[1] )

---

**MEMORANDUM**

**I.    INTRODUCTION**

In 2007, a Delaware Superior Court jury convicted Petitioner Bruce Wood of sixteen counts of first degree rape and two counts of continuous sexual abuse of a child. *See Wood v. State*, 956 A.2d 1228, 1230 (Del. 2008). He was sentenced to a total of 290 years of Level V incarceration. *See State v. Wood*, 2017 WL 2799170, at *1 (Del. Super. Ct. June 27, 2017). The Delaware Supreme Court affirmed his convictions and sentences on direct appeal. *See Wood*, 956 A.2d at 1233. Petitioner filed three motions for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. *See State v. Wood*, 2017 WL 2799170, at *1 (Del. Super. Ct. June 27, 2017). The Superior Court denied all three Rule 61 motions, and the Delaware Supreme Court affirmed those decisions. *See id*; *Wood v. State*, 187 A.3d 1248 (Del. 2018).

---

[1]Warden Robert May has replaced former Warden Perry Phelps, an original party to the case. *See* Fed. R. Civ. P. 25(d).

In 2015, the Honorable Gregory M. Sleet denied as time-barred Petitioner's Petition for Writ of Habeas Corpus filed Pursuant to 28 U.S.C. § 2254. (D.I. 59; D.I. 60) Judge Sleet alternatively denied some claims as procedurally barred and some claims as failing to satisfy the requirements of § 2254(d)(1). (D.I. 59) Petitioner appealed the denial of his § 2254 Petition. (D.I. 64) Shortly thereafter, Petitioner filed a motion for reargument (D.I. 62), which Judge Sleet denied on March 6, 2015. (D.I. 71; D.I. 72) Petitioner appealed that decision. (D.I. 75) In August 2015, the Third Circuit issued an order declining to issue a certificate of appealability with respect to the denial of Petitioner's habeas Petition and his Motion for Reargument. (D.I. 77)

In June 2016, Petitioner filed a Rule 60(b)(6) motion for reconsideration (D.I. 81; D.I. 85; D.I. 87) and a motion for an evidentiary hearing (D.I. 80). Judge Sleet denied these motions in February 2017. (D.I. 92; D.I. 93) Petitioner appealed that decision (D.I. 98), and the Third Circuit Court of Appeals terminated the appeal after denying Petitioner's application for a certificate of appealability (D.I.110).

In January 2018 and January 2020, Petitioner filed applications in the Third Circuit requesting permission to file a second or successive habeas petition. The Third Circuit denied both applications. *See In re: Bruce Wood*, C.A. No. 18-1098, Order (3d Cir. Feb. 27, 2018); *In re: Bruce Wood*, C.A. No. 19-2661, Order (3d Cir. Feb. 5, 2020).

In July 2020, Petitioner filed the "Motion to Reopen Habeas Corpus Petition Pursuant to Federal Rule of Civil Procedure 60(b)(6) and/or Rule 60(d)(3)" presently pending before the Court. (D.I. 113)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b)(2) motion seeking relief on the basis of "newly discovered evidence" and a Rule 60(b)(3) motion seeking relief on the basis of fraud must be filed no more than a year after the entry of the judgment, order, or date of proceeding. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See, e.g., Pioneer Inv. Services Co. v. Brunswick Ass'n. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (stating "a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."); *see also Mitchell v.* Fuentes, 761 F. App'x 109, 111 (3d Cir. 2019)

3

(stating "[w]hile the one-year limit does not explicitly apply to Rule 60(b)(6) motions, a movant under Rule 60(b)(6) must show 'extraordinary circumstances ' justifying the reopening of a final judgment."); *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir.1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time); *Fattah v. United States*, 2020 WL 42759, at *2 (E.D.PA. Jan. 2, 2020) (stating "a motion filed under Rule 60(b)(6) more than one year after final judgment is generally considered untimely unless exceptional circumstances justify the delay.").

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach ... that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120. It is not appropriate in a Rule 60(b) motion to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Rule 60(d)(3) provides that a court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The concept of "[f]raud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the

4

judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Hobbs v. Pennell*, 2009 WL 1975452, at * 3 (D. Del. Jul.08, 2009). Relief under Rule 60(d)(3) is available upon a showing of: (1) intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that "in fact deceives the court." *Gillespie v. Janey*, 527 F. App'x 120, 122 (3d Cir. 2013). A party seeking to reopen a case under Rule 60(d)(3) must establish fraud upon the court by clear and convincing evidence. *See Fake v. Pennsylvania*, 830 F. App'x 712, 713 (3d Cir. 2020).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas application, the court must first determine if the Rule 60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). *Id.* at 531.

5

Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A). "When a second or successive habeas petition is erroneously filed in the district court, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128,139 (3d Cir. 2002).

## III. DISCUSSION

Petitioner asks the Court to reopen his habeas proceeding based on alleged newly discovered evidence of his actual innocence that overcomes the "court's time-bar." (D.I. 113 at 14-15) In addition, Petitioner appears to allege that the "newly discovered evidence" provides support for his allegations concerning "defense counsel's and the prosecution's actions and inactions that were missing when the court denied [his] petition on the merits." (*Id.*) According to Petitioner:

> there was no physical evidence in [his] case that a crime ha[d] even been committed. Guilt or innocence was determined solely on the State's witnesses against [him]. Since there was no physical evidence, the only way to prove his innocence is to prove the testimony against him by the State's witnesses is false, by showing lies, contradictions, inconsistencies and false evidence.

(D.I. 113 at 20) The "newly discovered evidence" consists of: (1) Petitioner's affidavit asserting his innocence; (2) medical records from the Department of Correction (DOC) that allegedly show that Defendant had a sexually transmitted disease that two of his rape victims did not contract; (3) "medical facts" about: (a) Celexa and other

6

psychotropic medications administered to Petitioner while in prison; (b) compulsive lying; and (c) brain injury; (4) admission records from Meadow Wood Hospital for October 30, 2005, the date of abuse provided by the victims; (5) Petitioner's counseling records; (6) one of the victim's internet records; (7) letters from Lowes in 2017 stating Petitioner was never an employee and an affidavit from Petitioner dated 2018 stating that he was never employed by Lowes; (8) a 2019 affidavit from Shawn Burnett asserting that he could have testified about the difference between crystal meth and crack; and (9) a 2019 affidavit from Petitioner's son Dillon Wood attesting to Petitioner's innocence. (D.I. 113)

As an initial matter, Petitioner's vague and unsupported statements that the State provided "fraudulent facts and evidence" during the habeas proceeding do not warrant reopening the case under Rule 60(d)(3). (D.I. 113 at 16) Petitioner purports to provide all of his newly discovered evidence to demonstrate fraud on the court. But Petition's recitation of this evidence is really an attempt to establish an independent claim of actual innocence. The evidence does not establish the type of intentional fraud upon the court contemplated by Rule 60(d)(3).

Despite Petitioner's attempt to characterize his current challenge as an attack on the integrity of Judge Sleet's original timeliness ruling (D.I. 115 at 15), the Court is not persuaded that the instant motion is a true Rule 60(b) motion. Rather, the Motion constitutes a second or successive habeas petition under § 2244, because it: (1) "seek[s] leave to present 'newly discovered evidence' [] in support" of his actual

7

innocence argument previously denied;[2] and (2) challenges the same 2007 rape convictions challenged in the Petition. Since there is no indication that the Third Circuit Court of Appeals authorized the filing of the pending Motion, the Court will dismiss the instant Motion for lack of jurisdiction.[3] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

Even if the Court were to treat the instant Motion as a true Rule 60(b) Motion, it would not warrant reconsideration of the original holding that the Petition was time-barred, or reconsideration of the alternative holdings that the Petition was procedurally barred and meritless under § 2254(d)(1). First, the Petition was dismissed on January 22, 2015, and the instant Rule 60(b) motion was filed more than five years later, on July 15, 2020. Whether treated as a Rule 60(b)(2) motion,[4] with a one-year filing deadline, or a Rule 60(b)(6) motion, with a filing deadline predicated on reasonableness but also

---

[2]*See Gonzalez*, 545 U.S. at 531.

[3]Nothing in the motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). And because the Third Circuit recently denied two of Petitioner's applications seeking permission to file a second or successive habeas petition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit.

[4]A motion based on newly discovered evidence constitutes a Rule 60(b)(2) motion even if the petitioner attempts to disguise it as a Rule 60(b)(6) motion. *See Burton v. Horn*, 2018 WL 5264336, at *6 (E.D. Pa. Oct. 22, 2018) ("[T]he function of a motion, not the caption of the motion, dictates which Rule applies."). The Rule 60(b)(6) catch-all provision is to be utilized when the requested relief is not available in the enumerated categories of (b)(1)-(3). When the requested relief falls into one of three sub-categories, the catch-all provision is not available. *See Walsh v. United States*, 639 F. App'x 108, 111 (3d Cir. 2016); *see also Barnett v. Neal*, 860 F.3d 570, 573 (2017) (noting "if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available.")

8

not usually longer than one year, the instant motion is untimely. *See, e.g. Gibson v. Beard*, 2019 WL 6907399, at *7 (E.D. Pa. Dec. 19, 2019) (finding that, even if a motion for reconsideration filed three and one-half years after the dismissal of the habeas petition was a true Rule 60(b)(6) motion, it was time-barred).

Second, to the extent Petitioner asserts that his "actual innocence" claim serves as a gateway claim under *McQuiggan v. Perkins*, 569 U.S. 383 (2013) to overcome the statute of limitations bar and constitutes an extraordinary circumstance sufficient to satisfy Rule 60(b)(6)'s standard, his argument is unavailing. The *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Notably, evidence is not "new" for purposes of establishing actual innocence "if it was available at trial, but a petitioner merely chose not to present it to the jury." *Goldblum v. Klem*, 510 F.3d 204, 226 n.14 (3d Cir. 2007). Finally, "newly discovered evidence" will only warrant relief under Rule 60(b)(2) if it: (1) is material and not merely cumulative; (2) could not have been discovered before trial through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the trial." *In re Flonase Antitrust Litig.*, 879 F.3d 61, 70 (3d Cir. 2017).

9

The so-called "newly discovered evidence" Petitioner presents with the instant motion fails on all counts. For instance, the DOC medical records, Petitioner's counseling records, the admission record for Meadow Wood Hospital, the various documents providing "medical facts," and the victim's internet records were available and could have been discovered before trial through the exercise of reasonable diligence. While the new letters from Lowes are dated 2017, Petitioner could have obtained similar letters from Lowes regarding his non-employment status at the time of his trial. As for Shawn Burnett's professed knowledge about the difference between meth and crack and his implicit assertion that he could have provided testimony concerning this information at the time of Petitioner's trial, such testimony would not have been material and was unlikely to change the outcome of Petitioner's trial. As for Dillon Wood's affidavit asserting the reasons why he believes his father is innocent, the Court is not convinced that the affidavit is authentic. Dillon's signature is illegible and the notary certificate is on a completely separate page from the affidavit, with no indication that the notary verified Dillon Wood's identity.

Finally, Petitioner has not identified "extraordinary circumstances where, without such relief [of re-opening his habeas proceeding], an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 115. Thus, to the extent the instant Motion should be treated as a true Rule 60(b) motion for reconsideration, the Court alternatively denies it for failing to satisfy the requirements of Rule 60(b)(2) or Rule 60(b)(6).

## IV.  CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 60(b)/Rule 60(d)(3) motion. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated:  March 4, 2021

_____
UNITED STATES DISTRICT JUDGE